**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
COURT FILE NO.: _____

| | |
|---|---|
| Cynthia Mark, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>J.C. Christensen & Associates, Inc.,<br><br>　　　　　　Defendant. | **CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1.　　This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").　Plaintiff has received multiple telephonic messages in which Defendant, a debt collector, fails to identify itself, in violation of 15 U.S.C. §§1692d, 1692d(6), 1692e, and 1692e(11).

## JURISDICTION

2.　　Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

3.　　Venue is proper in this District because Plaintiff resides here and the Defendant transacts business here.

## PARTIES

4.　　Plaintiff Cynthia Mark is a natural person who resides in the City of Prior Lake, County of Scott,　State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.      Defendant J.C. Christensen & Associates, Inc., (hereinafter "Defendant") is a Minnesota collection agency operating from an address of 215 N Benton Drive, PO Box 519, Sauk Rapids, MN, 56379.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6.      In December of 2007 Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with the University of Minnesota Orthopedics and Hennepin Faculty Associates.

7.      Plaintiff's alleged consumer debt was transferred to Defendant for collection sometime prior to June 2008.

8.      In June of 2008 and continuing through October of 2008, Defendant mailed debt collection notices to the Plaintiff demanding payment and communicated with Plaintiff by leaving multiple messages on Plaintiff's answering machine.

9.      The messages left on Plaintiff's answer machine by the Defendant failed to state the identity of the caller and failed to state the calls were from a debt collector, in violation of 15 U.S.C. §§1692d, 1692d(6) and 1692e(11).

10.     Specifically, on September 29, 2008 Defendant's agent "Eva" left a scripted voice mail message, recorded by the Plaintiff's answering machine, which stated:

   a.   "Hi Cindy, this is Eva, can you call me quick when you get this message. My office number is 866-565-1399."

11.     On September 30, 2008, Plaintiff received an answering machine message stating:

    a. "Cynthia this is Nadine Gluck, please give me a call at my office I have a quick question for you here. My number is 866-552-0363."

12. On October 8, 2008, Plaintiff received another telephone message from "Eva" stating:

    a. "Hi Cindy this is Eva I am at my office tonight if you could give me a quick call at 866-565-1399. Thank you."

13. From June to October Plaintiff received upwards of a dozen such messages in which Defendant failed to identify itself, in violation of 15 U.S.C. §§1692d, 1692d(6), 1692e, and 1692e(11).

## CLASS ALLEGATIONS

14. Plaintiff brings this action individually, and as a class action on behalf of all Minnesota consumers from whom Defendant attempted to collect consumer debts using the same or similar scripted or automated collection telephone messages left for Plaintiff(s).  The class period begins one year prior to the filing of this class action complaint.

15. Defendant regularly engages in debt collection using the same or similar form collection telephone messages it left for the Plaintiff in its attempts to collect from other consumers.

16. The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that Defendant has left hundreds if not thousands of

scripted or automated collection messages similar to those left for Plaintiff. Accordingly, Plaintiff estimates that the class size numbers in the hundreds.

17.   Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

19.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

20.   A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those

presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

21.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

## TRIAL BY JURY

22.   Plaintiff is entitled to and hereby demands a trial by jury.  *US Const. amend. 7. Fed. R. Civ. Pro. 38*.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

23.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.   The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

25.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is

entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages

pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs

pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;
- That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;
- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);
- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and
- That the Court grant such other and further relief as may be just and proper.

Dated this 15th day of January 2009.        Respectfully submitted,

                                            By: Thomas J. Lyons, Jr.
                                            **CONSUMER JUSTICE CENTER, P.A.**
                                            Thomas J. Lyons, Jr., Esq.
                                            367 Commerce Court
                                            Vadnais Heights, MN 55127
                                            Telephone:  (651) 770-9707
                                            Facsimile:(651) 704-0907
                                            tommycjc@aol.com

                                            Mark L. Vavreck
                                            **Scrimshire, Martineau, Gonko & Vavreck, PLLC**
                                            Designers Guild Building
                                            401 North Third Street, Suite 600
                                            Minneapolis, MN 55401
                                            Telephone: 612-659-9500
                                            Facsimile: 612-659-9220

ATTORNEYS FOR PLAINTIFF

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF SCOTT             )

I, Cynthia Mark, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                    s/ Cynthia Mark
                        Cynthia Mark



Subscribed and sworn to before me
This 6th day of January, 2009.


s/ Jill Lawrence
Notary Public